No. 8060.

COURT OF APPEAL.

Parish of Orleans.

------

J. P. HUDSON SONS COMPANY,
    Plaintiff and Appellee,

versus

MORGAN'S LOUISIANA & TEXAS RAILROAD & STEAMSHIP
    COMPANY,
        Defendant and Appellant.

--------

By Dinkelspiel; J.

By Dinkelspiel; J.

Plaintiff brings this action February 24th, 1916, against the defendant Company, alleging that on January 4th, 1915, plaintiff shipped from National Stock Yards at East St. Louis, Illinois, to itself at Thibodeaux, Louisiana, twenty two mules which moved from point of origin to New Orleans via the Louisville & Nashville Railroad Company and thence to destination over defendant's line, alleging further that the mules were all delivered to the defendant at New Orleans in good condition, but that on arrival at Thibodeaux, one of the mules, worth Two Hundred Twenty Seven and 41/100 Dollars was dead "due to the rough handling of the car by defendant company or its employees." Wherefore they prayed for judgemtn against defendant for Two Hundred Twenty Seven and 41/100 Dollars, with legal interest from January 13th, 1915, until paid.

The answer of defendant admits the shipment of mules and that one of them was dead on arrival at Thibodeaux; further admits that the mules were in apparent good condition when received by defendant at New Orleans, but does not know their real condition after their long journey from East St. Louis; denies that the death of the mule was due to rough handling by defendant or its employees and/thinks alleges the conditions of the bill of lading attached to plaintiff's petition, the feature of which was that the shipper released the carriers from liability for damages from certain enumerated causes and from every other cause which did not result from the negligence of the agents or servants of the company and if there was damage it was limited to the sum of One Hundred Dollars;further alleges that the death of the mule occurred at Schrever, Louisiana, during the night of January 8th to 9th, while the car was stationary.

579

There were a number of witnesses examined.

Bourgeois, who is the defendant's Agent at Thibodeaux, testified that the car was in perfect condition and the other twenty one mules in like good condition.

Drexler, the veterinarian, testified as to the position and appearance of the dead mule and stated that it had died of a broken neck.

Alonzo, another witness, testified that he was the freight conductor who handled the car to Schriever from New Orleans and there was no rough handling, the car was set out at Schriever shortly before midnight, January 8th, 1915; apparently the mules were in good condition; he looked with the aid of a hand lamp through the boards on the side of the car and saw nothing wrong.

Tucker, hight clerk at Schriever, testified that the car was sent out at eleven fifty five P. M. January 8th, he checked the seals and noticed nothing wrong with the mules.

Daigle, the day clerk at Schriever, testified that he has went on duty the following morning at six thirty A. M. and he found a dead mule in the center of the car which apparently had been dead for sometime.

An examination of this testimony fails to convince us that the defendant company has carried out its contract with the plaintiff. The reference to the last case quoted by defendant Company, in its brief, McHenry Horse Exhhange Co. vs. Illinois Central R. R. Co. et al, does not in our opinion come within the purview of this particular case for the reason that there the railroad company was sued for a mare which was lost or wrongly carried in transit and never had been delivered to petitioner notwithstanding amicable demand. In that case

it was shown to the satisfaction of the Court that the railroad company diligently guarded the car in which this mare was being shipped; they had a proper car for the transportation of horses; the horses were unloaded at Jackson, Mississippi, fed and watered and found to be in good condition. Three hours later the train stopped at Crystal Springs, Mississippi, the horses were again examined and all were standing; when the train stopped at McComb, a station fifty three miles from Crystal Springs on the same day, the car containing the hourees was again examined and one was found dead; the remaining twenty one in the car were all standing and apparently in a sound and healthy condition and uninjured; the car which carried the horses from Jackson to Crystal Springs and from Crystal Springs to McComb received no rough handling and was in no accident, hence the company Court goes on in its opinion to say "there was no evidence showing negligence on the part of the defendant".

The Civil Code, Art. 2574 provides that "Carriers are liable for loss or damage for things entrusted to their care unless they can prove that such loss or damage has been occassioned by accident and uncontrollable events".

"The carrier must prove the precise cause of loss. It will not suffice to prove merely due diligence but the carrier must prove more than the accident was occassioned by fortutious event or by any irresistable force or by a defect of the thing itself or by the fault of the shipper". 115 La. page 1.

In the National Rice Milling Co. vs. the N. O. & N. E., 132 La. 615, "According to law and jurisprudence of this State, to be relieved from liability the carrier must prove that the loss or damage has been occassioned by accident or uncontrollable event and this involves the proposition that the carrier must prove that it was free from fault".

581

Truxilo vs. T. & P. R. R. Co. and L. & N. R. R. Co.,
7 Court of Appeals, page 18.

"Presumptions of fact, when justified, are entitled to as much weight as any species of evidence. Facts established by fair presumptions are as well proved as if testified to by witnesses."

"Even where the shipper assumes all risks, but the negligence of the carrier, the burden of proof is still on the carrier to show that the damages occurred through no negligence of his."

We are therefore of opinion that the evidence accounts satisfactorily for the loss ~~damage~~ sustained by plaintiff in this case and that for these damages the defendant is liable.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court a quo be and the same is hereby affirmed, the costs of both Courts to be paid by appellant.

—Judgment affirmed—